■ DENNIS P. BRENNAN, Appellant, v MURPHY & WALSH ASSOCIATES, INC., Formerly Known as MURPHY, WALSH & BRENNAN, INC., et al., Respondents. [650 NYS2d 464] —White, J. Appeal from an order of the Supreme Court (Cobb, J.), entered October 5, 1995 in Columbia County, which, *inter alia*, denied plaintiff's cross motion for partial summary judgment.

Defendant Murphy & Walsh Associates, Inc. (hereinafter defendant) is in the business of marketing investment advisory services and soliciting the trustees of public pension funds (hereinafter Public Funds) to induce them to place their assets with its clients who invest and manage these moneys in stock, bond, real estate and other types of funds. For its services, defendant receives an annual retainer from its clients while the clients, in turn, receive management fees from the Public Funds based upon the amount of Public Fund moneys they have invested and are managing. A portion of these management fees may be paid by the clients to defendant in the form of commissions for soliciting the Public Funds, but only to the extent that said commissions exceed the client's retainer.

To further its business objectives, defendant, on January 1, 1988, hired plaintiff, a retired New York City police officer, who was a former police union representative and employee of Bankers Trust Company. Under the employment contract, plaintiff was to receive, *inter alia,* an annual salary of $90,000 and incentive compensation consisting of "25% of the gross commissions received by [defendant] which are directly attributable to [plaintiff's] efforts". Following the termination of the parties' contractual relationship on May 31, 1989, plaintiff commenced this action to recover sums allegedly due under the employment contract.

At this point in the litigation, the only issue in dispute is whether plaintiff is entitled to any incentive compensation. The parties agree that the language of the incentive compensation clause previously quoted is clear and unambiguous. Nevertheless, they arrive at diametrically opposed positions as they attribute different interpretations to the word "received". Plaintiff's interpretation is that, if his efforts produced a commission for defendant, he was entitled to 25% of that commission, or in other words, he was entitled to incentive compensation when the commission was earned. Defendant contends that plaintiff was only entitled to such compensation when it actually received the commission payments from its clients.

We agree with defendant since the plain and ordinary meaning of "receive" is "to take possession or delivery of" (Webster's Third New International Dictionary 1894 [unabridged 1965]). Moreover, given the vast difference between compensation for payments earned instead of received (*see, Edelman v Robert A. Becker, Inc.,* 194 AD2d 507, 508), it can be presumed that the parties, who are experienced business persons, intended "receive" to have its usual meaning (22 NY Jur 2d, Contracts, § 241, at 298). Therefore, as it is undisputed that de-

fendant did not receive commission payments from its clients since they did not exceed the amount of the retainers, it was not obligated to pay plaintiff incentive compensation. Accordingly, Supreme Court's dismissal of plaintiff's cause of action predicated upon the employment contract's incentive compensation clause was proper.

We need not discuss plaintiff's claim pursuant to Labor Law § 198 (1-a) since it has been rendered academic by this disposition and plainly lacks merit (see, *Daley v Related Cos.*, 179 AD2d 55, 59).

Cardona, P. J., Peters, Spain and Carpinello, JJ., concur. Ordered that the order is affirmed, with costs.